**Wilmont H. WELLIVER, Plaintiff,**

v.

**John W. HORN, Marvin Bale and Illinois Farm Supply Company, a Corporation, Defendants.**

**The CHEMUNG CANAL TRUST COMPANY, a Corporation, Executor of the Estate of Louise S. Welliver, Deceased, Plaintiff,**

v.

**John W. HORN, Marvin Bale and Illinois Farm Supply Company, a Corporation, Defendants.**

**Civ. A. Nos. 2541, 2609.**

United States District Court, E. D. Illinois.

Nov. 27, 1953.

Philip G. Listeman and James H. Bandy, E. St. Louis, Ill., for plaintiffs.

Baker, Kagy & Wagner, E. St. Louis, Ill., Paul Wagner and Francis D. Conner, E. St. Louis, Ill., of counsel, for defendants Horn and Bale.

Walker & Williams, E. St. Louis, Ill., Wayne P. Williams, E. St. Louis, Ill., of counsel, for defendant Illinois Farm Supply Co.

WHAM, Chief Judge.

In each of the above cases, consolidated for trial, the jury returned a verdict in favor of the plaintiff and against the three defendants. The verdict in Case No. 2541 fixed plaintiff Wilmont H. Welliver's damages on account of personal injuries and expenses at the amount of $35,250. The verdict in Case No. 2609 brought under the Illinois Injuries Act, fixed damages in favor of the executor of Louise Welliver, deceased, plaintiff, for the wrongful death of Mrs. Welliver, wife of the other plaintiff, Wilmont H. Welliver, sole next of kin, at the amount of $15,000.

Judgment has been entered in each case pursuant to the verdict but subject to motions for judgment notwithstanding the verdict and for a new trial filed by each of the defendants in each of the cases.

The facts shown by or findable from the evidence are summarized: On the morning of December 9, 1952, defendant Marvin Bale, operating for defendant John W. Horn a stake body truck owned by the latter, drove to the loading dock of defendant Illinois Farm Supply Company for the purpose of obtaining a certain quantity of commercial fertilizer. The employees of defendant Illinois Farm Supply Company, with knowledge that the truck with its load was to be driven over the public highways of the State of Illinois in reaching its destination, improperly and negligently loaded the truck with 175 bags of commercial fertilizer having a total weight of approximately 14,000 pounds in a manner from which it was reasonably foreseeable that in traveling over the highways the load would shift causing the truck to overturn endangering the lives and property of other users of the highway. The defendant Bale, knowing the truck to be improperly loaded as aforesaid, drove it upon the public highway toward his destination when it was reasonably foreseeable by him that the cargo would shift causing danger to other users of the highway. At a point approximately five miles from the fertilizer plant, while the truck was being driven by Bale around a right curve in the highway the load did shift, the truck turned over on its left side and went out of control into the lane of traffic proceeding in the opposite direction where it collided with the automobile in which Mr. and Mrs. Welliver were riding. As a result of the collision Mrs. Welliver sustained injuries which caused her death and serious personal injuries were inflicted upon Mr. Welliver. There was evidence that Bale made the right turn at an excessive rate of speed.

The plaintiffs charged in their complaints that the collision in question was proximately caused by the joint negligence of the defendant Illinois Farm Supply Company and of the defendants Bale and Horn. This question was submitted to the jury under instructions.

One of the contentions of the defendant Illinois Farm Supply Company was that it could not be held liable to plaintiffs because the evidence showed that there was no privity of contract between it and plaintiffs.

Exhaustive and able oral arguments on behalf of all parties were heard on said motions and defendants Horn and Bale have filed a written brief. After giving careful consideration to all the questions presented by said motions I find no hesitation in overruling the motions except as to two points which give special concern to the court as follows:

First, should the motion for judgment notwithstanding the verdict be sustained as to the defendant Illinois Farm Supply Company, a corporation?

Second, was the verdict in favor of the plaintiff executor excessive in Case No. 2609?

As to the first question it may be said that the court was concerned with this problem both before and during the trial but came to the conclusion that in view of the decision and the language of the Supreme Court of Illinois in Wintersteen v. National Cooperage & Woodenware Co., 361 Ill. 95, 191 N.E. 578, the evidence in the trial of this case made the question of the liability or non-liability of the

Illinois Farm Supply Company a question for the jury, under proper instructions by the court. I have reconsidered this question in the light of the able arguments of counsel and authorities cited and remain of opinion that the law of Illinois required the submission to the jury of the case made against the defendant Illinois Farm Supply Company, as well as against the individual defendants Horn and Bale. The instructions have been reviewed and with the above-expressed view in mind I find no error in the instructions.

I conclude that the motion by each defendant in each of the consolidated cases for judgment notwithstanding the verdict must be overruled.

■ The second question regarding the excessiveness of the verdict in Case No. 2609 presents a problem for judicial determination based upon sound discretion in the light of the evidence and the provisions of the Illinois Injuries Statute, S.H.A. Chap. 70, sections 1 and 2, which, in substance, provides that for the benefit of the surviving husband, who, as in this case, was the sole next of kin, the jury may give such damages for the wrongful death of his wife "as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, * * * not exceeding $20,000."

In this case the evidence disclosed that at the time of the wife's death the husband was seventy-eight years of age and the wife was sixty-seven. The husband was in good health before the accident and though he was severely and permanently injured in the accident there was no evidence that he could not reasonably hope to live out his natural expectancy. The health of his wife was affected by diabetes but the disease seemed to be under control and did not affect her ability to care for her husband and perform her household duties or otherwise to continue her life in a normal way.

The evidence showed that Mrs. Welliver did perform her household duties and services for her husband in a capable and acceptable manner; that she was devoted to her husband and he to her and that there was every reason to suppose that she would continue to render services in a capable and acceptable manner as long as both of them should live. She earned no income outside the home, brought nothing of pecuniary value into the home aside from her own personal contributions by way of services. In view of the evidence, including the comparatively advanced age of husband and wife, it does not appear reasonable to find that fair and just compensation, measured solely with reference to the pecuniary injuries to the husband resulting from the wife's death, would amount to $15,000.

Under the evidence I am of opinion that the jury's verdict in Case No. 2609 was excessive. Mature deliberation in the light of the provisions of the statute and the decisions of the courts has led me to the conclusion that a verdict over $10,000 would be excessive. Wherefore, it is the order of the court that the motion of each defendant for a new trial in Case No. 2609 must and will be allowed unless within seven days from the date of this opinion plaintiff consents to a remittitur in the sum of $5,000. In the event of consent to such remittitur within said time said motions for a new trial will be overruled and the verdict sustained in the amount of $10,000. The motion for a new trial by each party defendant in Case No. 2541 is overruled.