

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 29, 1957

Honorable Wardlow Lane
Chairman
Senate State Affairs Committee
Austin, Texas

Opinion No. WW-14

Re: Validity and Constitutionality
of Senate Bill No. 31.

Dear Senator Lane:

This will acknowledge receipt of a copy of Senate Bill No. 31 by Senator Doyle Willis together with requests for our opinion as to its validity and constitutionality.

Senate Bill No. 31 provides that "every official of the State of Texas and every official of every city, county, and other political subdivision of the State, whether elected or appointed, who refuses to answer before any court, tribunal, grand jury, Legislative or Congressional investigating committee, or any State or Federal board or commission conducting an authorized inquiry or investigation, on the ground that it would or might incriminate or tend to incriminate him, any question pertaining to his official duties or his performance thereof, shall be guilty of official misconduct for which he may be removed from office in the manner prescribed by the Constitution and statutes."

We are forced to the conclusion that Senate Bill No. 31, in the form submitted, is unconstitutional. Slochower v. Board of Education, 350 U.S. 551 (1956). In the Slochower case, the Supreme Court had before it the constitutionality of a section of the charter of the City of New York which provided that if "any councilman or other officer or employee of the city . . . shall refuse to testify or to answer any question regarding . . . official conduct of any officer or employee of the city . . . on the ground that his answer would tend to incriminate him . . . his term or tenure of office or employment shall terminate and such office or employment shall be vacant . . ." The Court held that summary dismissal without notice and hearing under the provisions of this charter section violated due process of law under the 14th Amendment to the United States Constitution where dismissal was grounded only on the assertion of the privilege against self-incrimination provided by the 5th Amendment.

Senate Bill No. 31 does not provide for summary dismissal without notice and hearing, but it clearly makes the claiming of the privilege and not the commission of an act about which the witness refuses to testify a basis for removal from office. It is not a refusal to answer which Senate Bill No. 31 makes a ground for removal, but only a refusal to answer on the ground that the answer might incriminate. Thus a simple refusal to answer would not be grounds for removal under the Bill. It is clear, therefore, that the exercise of the constitutional privilege is itself made the grounds for removal, and the Slochower case held this to be an invalid standard under the Federal Constitution. See Laba v. Newark Board of Education, 129 A.2d 273 (N. J. Sup. Ct. 1957).

Since we are forced to the conclusion that Senate Bill No. 31 is unconstitutional as violative of the due process clauses of the 14th Amendment, we do not pass upon the equally important question of whether a privilege afforded all our citizens by the Federal and State Constitutions may be circumscribed in the manner provided by Senate Bill No. 31 as to some citizens without amendments to these constitutions.

Though by its terms Senate Bill No. 31 makes the claiming of the privilege against self-incrimination in itself a basis for removal from office, it is believed that the true legislative purpose behind this Bill was not to abridge the exercise of a constitutional privilege, but to promote the unquestioned public interest in full and complete disclosures by public officials before authorized inquiries of all information relating to the conduct of their offices. In order to insure that the scope of this opinion is not misunderstood, we wish to express an opinion on the subject of the constitutionality of a Bill specifically directed toward that laudable goal.

Though the U. S. Supreme Court has not ruled on the question, we have concluded that legislation providing that misconduct supporting a removal shall include the failure of a public official to disclose information relating to his office to a body legally authorized to inquire into the subject would not be unconstitutional. Garner v. Board of Public Works, 341 U.S. 716 (1951); Davis v. University of Kansas City, 129 F. Supp. 712 (W. D. Mo. 1955) (per Whitaker, J.); Lerner v. Casey, 25 L.W. 2412 (N.Y. Ct. of App. 1957); Laba v. Board of Education, 129 A.2d 273 (N.J. Sup. Ct. 1957); Board of Education v. Beiler, 386 Pa. 82, 125 A.2d 327 (1956). It is believed that such legislation would constitutionally permit removal from office for any unjustified failure to disclose information, including one where the privilege against self-incrimination is assigned as the reason for such failure. Due

Honorable Wardlow Lane, Page 3 (WW-14)

process would be insured by provision for a hearing after notice before the tribunal authorized to effect removal at which hearing the official concern would have an opportunity to show that the failure to disclose in question did not result from any violation of his public trust.

It may be that the failure to disclose information would have to constitute a "grave official wrong" independently of the statute to warrant the removal of a public officer who is subject only to impeachment by the Legislature, see Ferguson v. Maddox, 114 Tex. 85, 263 S.W. 888 (1924), but its inapplicability to such officers would not affect the validity of such a statute as a whole.

In our opinion, the salutary purpose sought to be obtained by Senate Bill No. 31 can be accomplished in yet another manner. It is clear that the privilege against self-incrimination may be waived. One method of waiver is by contract. Therefore, the end may be accomplished by a constitutional amendment which would provide, in effect, that acceptance of any public office shall constitute a waiver by the officer of the privilege against self-incrimination when questioned as to his official conduct.

### SUMMARY

Senate Bill No. 31 in its present form is unconstitutional. The general purpose of the Bill could be constitutionally attained by legislation in another form or by constitutional amendment.

Very truly yours,

WILL WILSON
Attorney General

JWW:tiw

APPROVED:

OPINION COMMITTEE

James N. Ludlum, First Assistant
Chairman

By James W. Wilson
Assistant